The opinion of the Court was delivered by
Whitner, J.
I think it manifest that the decision of this case, on Circuit, turned on the question of conversion. The grounds of appeal bearing on this inquiry will be, therefore, first considered, without reference to the order in which they stand. The complaint contained in the fourth ground is, that competent testimony was excluded.' The witness, Carpenter, called to prove the demand and refusal, had made a memorandum in writing, as is alleged, of the reply made by defendant, when he refused to deliver the property. His memory was refreshed once and again by an inspection of the paper. The conversation was a brief one, yet he could not, or would not, undertake to state, in form or in substance, one word in reference to the particular fact desired. When asked, he said he believed the memorandum stated the truth; and at first thought he had committed it to writing the same day, though after the examination of another witness, and who, it appeared, had also with the witness, Carpenter, subscribed this memorandum, he admitted that the same could not have been prepared earlier than the next day.
In the case of the State vs. Rawls, (2 N. & McC. 331,) a me *500 morandum in writing was admitted, which had been made by the witness at the time, of certain facts, for the purpose of perpetuating them in his memory, the existence of which he knew from the memorandum, not otherwise retaining a distinct recollection of them. This is authority, and the argument and illustrations of the learned Judge Nott, will induce most minds to acquiesce in the rule as one of indispensable necessity. Book entries, registries of births, deaths and marriages, dates of transactions, &c., so common, universal and unquestionable, fall within this rule.
But as a counterpart, and most aptly, follows the case of O’Neale vs. Walton, (1 Rich. 234,) in which Judge Butler seeks to restrain the extension of the above principle, lest it might work mischief. I will not borrow illustrations from that case, but content myself with a reference to the sensible and conclusive views there set forth, as containing a far better vindication of the judgment of the Court than any I could be expected to offer, in adding another check to a further extension. This witness, it will be seen, had previously interested himself in getting up this law suit; had appealed to his neighbor for aid in its conduct, which neighbor at least had a large experience, if not some skill in that way. The memorandum was not prepared at least until the next day, if then, after a conference, and each present when it was actually committed to writing.
The Court is of opinion this testimony was properly refused.
The third ground of appeal complains that the question of conversion was submitted to the jury. The form of this objection does not warrant the conclusion, that the party was dissatisfied with any legal proposition ruled by way of instruction ; but rather that, on this point, the Court did not assume the fact and decide the case. The legal effect of a fact stated, or the law arising out of the facts ascertained, may be pronounced upon. If it is meant, that the facts of this case were so clear that they amounted to a conclusion of law, the objection is then conceived, but its applicability to the case in hand is denied. Without attempting any refined distinction, where so much might depend *501 upon the intention with which an aet was done, and especially in such a case as this, the province of the jury would have been invaded, and the charge rendered far more obnoxious, as well from usage as legal authority, if a different principle had been asserted or course adopted. Upon a review of the facts, however, it is proper to add, as a response to another ground, that the verdict rendered, in the opinion of the whole Court, was well warranted and just.
On all other points arising in the case, and to which reference is made in other grounds, every benefit was extended to plaintiff that the law involved would warrant. In fact, the error, in the judgment at least of some of my brethren, consisted rather in placing the plaintiff on higher ground than he was entitled to stand. So far as ruled against the plaintiff, the authorities of McP. on Inf. 62, 63; Reeves’ Dom. Rel. 209, 290, 301, and 2 Kent Com. 194, will be found ample.
There being nothing then to withdraw, from the ruling of the Court, as prejudicial to the plaintiff, the foregoing intimation will save the legal propositions, laid down on Circuit, from in any wise misleading the unwary or committing the Court to the same extent. When the case arises, the converse of these propositions can be more appositely examined.
There is no ground, therefore, on which to disturb the verdict, and the motion for new trial is refused.
O’Neall, Evans, Waedlaw, Feost and Withees, JJ. concurred.

Motion refused.